May it please the court. My name is Jenna Blue, and I represent the appellant in this case, Jose Perez, who is subject to a commitment order imposed by the District Court under the Adam Walsh Act. This court should vacate the lower court's order for two reasons. First, the District Court lacked personal jurisdiction over Mr. Perez because the government did not serve a summons with the complaint under Rule 4. Second, the District Court committed error when it found that Mr. Perez was a sexually dangerous person. The Adam Walsh Act allows the government to certify certain individuals as sexually dangerous. After the certification, the District Court is required to hold a hearing to determine if the individual is in fact sexually dangerous and subject to indefinite commitment. Although a significant liberty interest is at stake, under these proceedings this court has held that they are in fact civil and not criminal. So it is our contention that the Federal Rules of Civil Procedure apply, and in fact Rule 1 states that the rules apply, barring exception, to all civil actions. As the court is aware, civil actions are commenced by filing a complaint under Rule 3 and then serving a summons on the defendant under Rule 4. How was Mr. Perez prejudiced by not being served under Rule 4? Well, Rule 4 is more than just a technicality in civil proceedings. Process is what ensures all defendants receive information that they have a right to, and it ensures that... And he received notice of the hearing. He did. He did. He participated in the proceedings up to the point of the hearing, didn't he? That's correct. So how was he prejudiced? Well, we can see that he did have notice, but I think in regards to prejudice, a summons is so important that it's mandatory in every civil proceeding. So while it might just be a one-page document, it has been deemed to be so important and contain information that goes to the heart of the fundamental fairness in civil proceedings. And I think in a case like this where a defendant is in custody when he receives a certificate, he doesn't have the assistance of counsel at the time of receiving the certificate. He's expected to look at the certificate, analyze it, understand what it means and what consequence it has for him. And a person like that, who's in such a vulnerable position, who expects to be released upon the completion of his penal sentence, deserves the information that all civil defendants deserve. Does the summons tell him anything that the certificate doesn't? I think so. I mean, the certificate... Give me an example of something important that the summons tells him that the certificate doesn't. Well, one thing that a summons tells a defendant is what kind of action is pending against them, what kind of relief is requested, what kind of consequence occurs if a defendant doesn't answer. All of that information is in a summons, but it's not in the certificate. And a certificate simply states that the government is certifying this person as sexually dangerous. It indicates what his criminal record is and why he's in custody, and that's it. So there's actually a lot of information. Despite a summons being relatively brief, there's a lot of information in a summons that isn't provided in the certification under the Adam Walsh Act. Well, from your explanation, it sounded like there was information in the thing that you get on the Adam Walsh Act that is not required by the federal rules either. In other words, they're not exactly... they don't exactly match one-on-one. Well, I think... I mean, you can say the information that he got might be more critical to him than the more general information that he'd get on a summons. Well, I think that a certificate under the Adam Walsh Act is analogous to a complaint. So, I mean, it has similar information that your average complaint would have in a civil proceeding. But just like in all other civil actions, a complaint has to be filed and a summons has to be served. It's not your position, I take it, that there's no constitutional requirement here. So the Congress can change what is required in a summons and can provide differently for a specific kind of case that there not be a summons, right? I mean, I think that's correct. Well, why doesn't the Adam Walsh Act do that? Because... Why isn't it a more specific governing the more general? Nothing in Section 4248A or throughout Section 4248 states that upon filing a certificate the government can bypass other rules of civil procedure. No, no, no, but it says this is the way you do it. You comply with all of this and you comply with the statute. Right, and our position... And if we're trying to read them together, you know, you try to read statutes, rules, etc. together and not so they conflict with each other. Right. Well, that's the thing. I don't think they conflict. I think you can read them together, but nothing in Section 4248 would suggest that other rules don't apply. So you file their certificate, which is like filing a complaint, and then all the other rules apply. So Rule 4 still applies. I think you can read them consistently. One can exist with the other, and 4248 doesn't state or doesn't even suggest that a summons shouldn't be served on the defendant. And this court has actually... The rule says that a summons must be served with a copy of the complaint. Right. And I thought you told me that you thought that the Adam Walsh Act certificate was in lieu of a complaint. I mean, I think arguably it's analogous to a complaint. I mean, I think that's... But it's not a complaint, right? So there seems to be a substitution. We don't have a filing of a complaint here. We have a filing of a certificate. I think you'd have to say that, in effect, a certificate is a complaint, because otherwise how else would... How else could you say this is a civil proceeding? A civil proceeding is commenced by... It's a very unusual civil proceeding. And there are other... I mean, you know, it went all the way to the Supreme Court to decide whether this kind of civil proceeding was going to be okay, was going to be constitutional. There are other instances when the federal rules aren't followed. Isn't that right? Yes, yes. So how do you distinguish those? Well, I think that... I mean, like I said, I think a certificate is like a complaint, and a civil action has to be commenced somehow. And it can only be commenced pursuant to the rules that the complaint is filed. So, you know, I think reading the rules in 4248 together and doing it in a way that they don't conflict, you'd have to basically say that a certificate is a complaint. Well, if we take your argument to its logical conclusion, don't we have to say that all the federal rules would apply in these anomalous proceedings? Well, I mean, like you indicated earlier, I mean, they are unique proceedings, so... So then all the rules don't apply. I think... You're not entitled to a jury trial. Right, right. I think the important distinction here is that it's not just a mere technicality that a summons wasn't served on the defendant. I think other rules, you might be able to say, well, these are unique kinds of cases, and perhaps, you know, this rule or that rule doesn't apply. But I think to trigger a lower court's jurisdiction, Rule 3 and Rule 4 have to come into play. And so those rules, in effect, are so important that they can't be ignored in these cases just because these cases are unique. And, you know, importantly, I think this court has indicated in prior case law that, you know, just because a defendant has notice of an action, process is still important, and a court's jurisdiction is predicated upon the service of a summons. So I think those rulings also support the argument that Rule 3 and Rule 4 are so important, even in unique cases like this, that the obligations under them have to be followed by the government. Are they more important than a jury trial? Are they more important than a jury trial? You said they're so important we have to go by them. As Judge Moss rightly points out, there are other civil rules and civil procedures that would give a litigant a right to a jury trial. Well, I think what makes Rule 3 and Rule 4 so important and so significant is that, like I said before, I mean, they trigger a court's jurisdiction, so it's where you begin. You know, how things will fall into place under the Adam Walsh Act, I mean, I think we've yet to see exactly how it's going to play out. But there has to be a beginning, and the court has to have jurisdiction over a defendant before it can institute any sort of judgment against the defendant. So our starting point is, well, how does a civil action begin? And it's very basic, but it's important, and it goes sort of to the heart of what a civil proceeding is, especially compared to a criminal proceeding. Can you waive service of a summons? Yes. Well, have you waived it here? I don't think so. Well, why not? I mean, I don't see how he would have. Well, you'd move to dismiss. Was there a motion to dismiss on that lack of process? There was, yes, and the court denied the motion. For insufficient process? Yes. At first opportunity. That's when you're supposed to do it under the rules. Right. No, but... I can see you're a very clever lawyer, but we're looking for full disclosure. By the time we write the opinion, we'll have it all in haste. Absolutely. It's better. Absolutely. He did file, Mr. Perez did file a responsive pleading, I think within 20 days of... On February 10th. Right. A motion for preliminary injunction. Right, and so the motion to dismiss was filed after that. So it wasn't at the first opportunity. Right, exactly. But I think that goes, again, to the uniqueness of these sort of actions. I mean, when Mr. Perez received the certificate, as I said, he was in custody. He didn't have counsel. I don't think he was appointed counsel until a few months after the certificate was filed. So to sort of expect him to get their certificate, you know, understand the rules, understand the consequences of file a proceeding that might... I'm sorry. Excuse me. I thought when they served the certificate on him, they also mailed a copy to his lawyer, public defender. They served a copy to the public defender, but he wasn't represented at the time. It wasn't until... There was an appointment later on. Correct. Okay. But they still mailed it to the public defender's office, who is representing 99.9%. Right, but an attorney wasn't appointed until March 16th in this case, and a notice of appearance was filed on March 18th. The certificate was filed on January 25th. So there was a period of time, despite the certificate being mailed to the office of the federal public defender, there was a period of time where he wasn't represented by counsel. So, you know, when he filed his response of pleading, he was proceeding pro se, and federal courts have always given pro se litigants leniency when it comes to things like this, which I think certainly applies in this case, especially because Mr. Perez's liberty interest is at stake. So if any sort of defendant deserves leniency... So what's the remedy, assuming you're right? What is the remedy here? I mean, at this point, Mr. Perez, it's my contention that he's been held in custody almost three years beyond his release date, and he's been held improperly. So my remedy, I would be asking the court to release him. I mean, the civil commitment order was, I mean, the district court had no jurisdiction over him, and so the commitment order, I think in this case, has to be vacated. It could be vacated, and then we could start the whole thing all over again. That would be another remedy. That's true. So I know my time's running out, but my other argument, unless this court has other questions in regards to service, simply just had to do with the fact that the court essentially found that he was a sexually dangerous person by relying heavily, or for the most part, on his criminal record. What else did they have to rely on? Well, the court in its order did say that it relied on the fact that he had never completed abuser treatment and also that he hadn't admitted that he had suffered from pedophilia. So the court did rely on other things, but it relied heavily, and my argument is that it relied too heavily on his criminal record, and I'm not saying his criminal record isn't relevant. It is, and the facts underlying his prior offenses are certainly important, but the court does have to go beyond his criminal record to determine whether or not, if he were released today, he'd be able to refrain from sexually deviant conduct, and my contention is that... And the court heard from three experts in that regard, correct? It did. So what else would you suggest that the court should have done? Well, the court, and my time's up. Can I answer? Sure. The court could have relied, like there's cases wherein the court has relied on, for example, the defendant's time while he was in custody, whether he had been written up on certain infractions, because that goes to impulsivity. So there are things like that. You know, Mr. Perez, there's nothing on the record suggesting that he had any sort of sexual infractions while he was in custody. I mean, contemporary evidence is what is really going to tell you what Mr. Perez is going to do when he gets released. If there's a limited amount of improper behavior you can do while confined. That's correct. Much more limited than when you're released. That's correct. That's correct. But I still think it's relevant and it's important. Thank you. Thank you. Let's hear from the government. I please the court. Good morning. My name is Matthew Fezzik, and I represent the United States in this appeal. The judgment below should be affirmed first because the government instituted this proceeding in accordance with the procedural requirements that are set forth by statute, 18 of the United States Code, section 4248, and that allowed the district court to acquire personal jurisdiction over the appellant, Mr. Perez. Secondly, the district court did not clearly err by finding that Mr. Perez met the criteria for civil commitment based on the unanimous opinions of the three testifying experts, including, importantly, an expert that Mr. Perez had the opportunity himself to select. And third, as the appellant concedes, his equal protection argument and constitutional arguments are foreclosed by Tim's. Turning first to the question of personal jurisdiction. Does the government ever serve summonses in these cases? No, Your Honor. There has never been a case where we've served summons in a section 4248 proceeding. The government's practice and procedure has been to follow the requirements set forth in 4248, subsection A, which are obtaining a certification from the attorney general or his designee, filing that- Well, it is a civil proceeding, so why shouldn't the government follow Rule 4? Well, Judge Thacker, our position is that- well, in terms of addressing the personal jurisdiction question broadly, the court's personal jurisdiction depends upon service of process on a person, giving notice of the suit, giving notice of the duty to defend. 4248A does all that if those procedures are followed. Rule 4, providing for summons, summons is just one form of process. I looked up process in Black's Law Dictionary right before this argument, and it says the term process is not limited to a summons. In fact, it says process encompasses pretty much- it could be a writ or it could be any kind of document that gives notice to a person that he's commanded to come into court and defend his interests. And I would also note, Judge Thacker, that the federal rules of civil procedure actually have three separate rules, at least three that I'm aware of, that provide for service of various types of things on a person. There's Rule 4, which provides for service of a summons along with a complaint. There's Rule 45, which provides for service of a subpoena. And then there's Rule 4.1, which provides for service of, quote, other process. So the rules themselves, I would say, I would submit, contemplate service of process other than a summons. Is it your position that none of the civil rules apply? Absolutely not, Your Honor. So how do you get to pick which ones you want to use? Well, I don't think it's- it's not all that clear to me. I would say that they certainly apply to the extent that they're not superseded by or in tension or conflict with the statute. Because in all these cases, Congress's intent in the statute would trump the civil rules. So your position is that Congress has provided a substitute for the initiation of these proceedings? That is correct, Your Honor. But as your colleague pointed out, these two things are not necessarily in tension. You could do both, both comply with the statute and comply with the federal rules by giving a summons. They're not duplicative, totally duplicative. You could. Different information. So I hear your argument that one supersedes the other, but there's nothing on the face of either the statute or the rule that tells us that. They're not in conflict. That's true. I would- So it goes back to Joe's question, how do we make the cut here? Well, maybe it's just been an evolution of practice that I've drawn upon to answer your question. But you mentioned earlier, Judge Motz, that you asked my opposing counsel whether a certification was a complaint. Because, of course, under Rule 4, a summons is inextricably intertwined with a complaint. And I'm not really prepared to give an answer as to whether a certificate is a complaint or not. It's not something I've unfortunately considered. However, I will say that under Rule 12, which governs responsive pleadings, you have 60 days from service of a complaint to file a responsive pleading in a typical civil suit. But in Adam Walsh cases, there are no answers. There are no responsive pleadings. So assuming there were a complaint, you would think that there would also be an answer under Rule 12. And that's just not the way it works in the Adam Walsh world. Is the government pressing the motion that there's been a waiver here? Yes. To address the waiver issue, and I want to clarify this, what happened was the certificate was filed in January of 2011. When the government serves the certificate, it also files with the court a proposed order for the appointment of counsel. That order was not acted upon until March. In their intervening time, Mr. Perez, while he was not represented by counsel, took it upon himself to file a pro se motion for, I think it was called preventative injunction. It's a pro se pleading that's not entirely clear what it means. It's not specifically styled a Rule 12 motion, although I think it could be construed as one for purposes of the waiver rules under Rule 12. But honestly, I think the most important aspect of that is it shows, number one, that Mr. Perez did have actual notice of the lawsuit and the duty to defend, by virtue of the fact that he filed that motion. And secondly, when you're talking about personal jurisdiction, the issue is you waive personal jurisdiction when you submit yourself to the court. And in this case, Mr. Perez, by filing this pro se motion, which did not include any argument about insufficiency of service, went to Judge Britt and said, I want you, Judge, to enjoin the BOP's enforcement of 4248 against me. So he went to the court himself, submitted himself to the jurisdiction of the court, and said, I want relief. But of course, if you read that broadly, giving the benefit to a pro se litigant, one of the reasons why you should enjoin them is because they don't have any power over me. I mean, you can see that the non-legal mind who is defined that we lawyers know that you have to have jurisdiction for the court to do anything. But an outsider might think, if the court has no jurisdiction over them, then they should get rid of the case. I mean, that's why I think your waiver argument's a little difficult. Well, I will certainly say that, I mean, the government's preference in this case is to have the issue of the Rule 4 resolved. And we think, first of all, that Rule 4 does not apply to this case. Have you found other places in the law where Rule 4 does not apply? Other kinds of proceedings that are civil actions? Civil contempt proceedings would be one that might come to mind. But I have not, I don't have any that are... What about habeas? Habeas? Those are accepted under, in the rules themselves, to the extent they're not inconsistent with the specific rules for habeas proceedings. But does habeas contemplate Rule 4? I'm trying to remember. You have to comply with Rule 4 in a habeas action. I don't believe so, Your Honor, but I'm not entirely sure. But the distinction, I guess, would be, you would say, is it expressly says so, says you don't have to. Correct. And this doesn't. Do you think that an actual notice cures a defect in the service of a summons? Yeah, under the Carlson v. Rabinowitz case that we cite, we're looking for a technical defect with actual notice of the commencement of the action plus actual notice of the duty to defend. Now, this is a situation where there's no service of the summons at all, ever. And so your position is that actual notice of it cures any... Correct. ...problem with regard to service. He was served, again, the government's position, he was served with process, not a summons, but process, the process being the document, the initiating document, the certificate of sexually dangerous person. And in addition, 4248 provides for the appointment of counsel, court-appointed counsel. So you have someone who makes an appearance on your behalf to represent your interests. And I think that's an equally important component to the notice aspect because when you're talking about a summons and the case law that has developed around service of summons, the courts say you want something with a court stamp on it that shows to this defendant, the civil defendant, the importance that you need to show up in court and defend your interests or something bad is going to happen to you. And in this case, because in most normal civil case, civil litigants aren't entitled to counsel at all. And what distinguishes, I would submit, 4248 is that automatic provision for the appointment of counsel. So you have someone who's there to represent the respondent's interests in the proceeding. In the absence of any other questions about the service of process, again, on the clear error standard review, the only issue on appeal is going to be the third prong, which is whether the court clearly erred in finding that Perez would have serious difficulty refraining from child molestation if released. The government would submit that, again, ample evidence contained in the record for the court to rely upon in reaching its decision and that would include, I guess importantly, the government did not simply present a one-sided view of this case despite the fact that Perez was not present in court to mount his own defense. We called the expert that he himself selected, Dr. Plodd, who did form the opinion that Mr. Perez was sexually dangerous and we also submitted into evidence the expert report of Dr. Warren, who was a defense retained expert. Dr. Warren opined positive on the first two prongs of Adam Walsh and did not have any real opinion on the third prong, but his scoring on the actuarials was consistent with the other experts. All the experts acknowledged that statistically speaking, Mr. Perez was statistically low to moderate risk, but they each considered very specific individual factors about Mr. Perez, which in their opinions made him a high risk for recidivism, for committing further sexual offenses against children if released. If the court has any questions about that, I'd be happy to entertain them. I think we understand your position. And I will yield the balance of my time. Ms. Blue, anything in reply? Thank you. In any other civil case, it wouldn't be enough for a plaintiff to say, well, the defendant had notice, so I didn't have to follow the rules. In counsel... Well, that's not true. We know in naturalization proceedings and in habeas proceedings, both of which are regarded as civil, that you don't need this, but your contention would be it specifically says you don't need to comply with the rule. Right. So that it's not in every other proceeding would you need it. I'm sorry. In most proceedings, especially when there isn't a statute saying a summons or a certain type of notice is required, in all other cases other than those particular unique cases, it wouldn't be enough for a plaintiff to say that notice is enough, it justifies my mistake, I didn't have to file a summons. And importantly, I mean, counsel stated that summons are important because it tells somebody to show up or something bad will happen to you. And I think in this particular case, I mean, it's more important than any other case. We're talking about somebody's liberty at stake. We're not talking about a monetary judgment. So I think... I think that's good as a theoretical argument, but it gets back to the original question that was asked to you, what was the prejudice here? We know that he did know, he knows he's confined, he knows he's confined beyond the term, his prison term. He knows about the notice. So what is the prejudice? Well, I mean, the very real prejudice is that he's now subject to a commitment order that is invalid because it was... But that's assuming the end game. I mean, you can't do that. You have to say, is there something that he didn't know or he would have acted sooner or he would have prepared a better case or is there something that would have happened if he'd gotten what you say he should have gotten instead of what he did get? I mean, theoretically, yes, for starters. If he had gotten a summons, he would have had, I think, relevant information here that would have perhaps informed him in regards to his response of pleading. I mean, if the argument is that, as counsel has made, he's waived the jurisdictional issue because it wasn't in his initial response of pleading, I think it's things like that that you glean from a summons. And also, I mean, in a summons you know this is the relief the plaintiff is requesting and if you don't show up and answer, basically there's going to be, in effect, a default judgment against you. I mean, yeah, arguably Mr. Perez had counsel to explain all of that to him, but clearly the record shows that his communication with his counsel broke down so much that he filed a motion to proceed per se. So, you know, we can sort of conjecture and guess what exactly he learned from his counsel. Yeah, I'm not getting your answer, and I think that's because I don't understand the facts. So tell me what he did receive and when he did receive it. He received, pursuant to the certificate of service, he received the certificate that's filed under 4248. Okay, so he gets that, but you acknowledge that he has actual knowledge of what the information he would have gotten under the rule. So where does he get that actual knowledge? Well, he had actual knowledge that an action was pending against him, certainly. What I was in his counsel in lower courts, I don't know how, you know. But I want to know what your argument is, and so I'm trying to kind of break it down. What didn't he know that he would have known if he had gotten what you say he should have gotten? I mean, he didn't know the important fundamental information at all. Well, what is that important fundamental information? I don't know what he did. He got the notice that's required under the statute, so he has all that information. I don't even think the certificate makes clear who the plaintiff is. So simple things like who the parties are, what relief is requested, that's not in the certificate. Is the certificate in the record? It is. Where? I think it should be the first document in the record, I believe. And especially when you're talking about an unsophisticated party who's in custody, I mean, basic information like who is instituting this action against me, what are you asking for, what are the consequences? It says the United States of America versus Perez. That's the first thing the certificate says. So that's who is instituting the action against him. And my time is up, but you could keep going. I think importantly, it doesn't say, I mean, it says it has a caption, but it doesn't say who is asking for what in terms of relief, what they're asking for, how you have to proceed in terms of responding, and, you know, what the consequence is going to be if you do or don't respond. I mean, just basic fundamental information. Well, attached to this form is a proposed order, right? At the request of the director of the Bureau of Prisons, the government has filed a certificate. If somebody gets that, I think they know that it was at the request of the director of prisons and that the government has filed the certificate and the relief that they requested. And I just think that's a lot to ask of, like I said, a person who expects to be, who is in custody, has no counsel, they're supposed to read a proposed order. And I get your argument on that, but what I'm trying to see is what information to tease out, what information he didn't get in this. And I'm having a hard time finding out what that information is. Right, and I think probably my, I think the most, it's not really responsive to what you're saying, because I understand a summons is just a very basic, you know, plain document. But, you know, I think the heart of this case goes to the fact that notice, this court has said notice is not enough. I mean, this court has ruled.  I mean, he got more than what he would have gotten under the rule, not less. I don't know, I don't think he got more than what would have been included in the complaint. I mean, the certificate is, I think, three or four pages. I just don't think it provides all that much. Complaints are a page and a half, you know. Right, right. I guess just from the information contained in the certificate, I mean, like I said, I mean, it talks about why he's in custody, and it goes through his criminal history, and then it cites statutes. If, you know, if I was, you know, a person in custody, if they got that, I don't think they would be able to glean the basic information that's required through a summons. Okay, but there's no, you don't make the argument that he didn't get the summons, the certification, and the summons, and the proposed order. And I'm just basing that on the certificate of service that's in the record. Right. Thank you. Thank you, Ms. Blue. Thank you. I note that you're court-appointed. We appreciate very much your undertaking representation of this client. Thank you very much. We'll come down and greet counsel. Then we're going to take a short break.
judges: William B. Traxler, Jr., Diana Gribbon Motz, Stephanie D. Thacker